UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JARED RANDALL CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV423-299 |
| | ) | |
| JASON SHAW, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Jared Randall Carter seeks relief from his state conviction and sentence pursuant to 28 U.S.C. § 2254. *See* doc. 1. His petition reveals that he is incarcerated at an unspecified facility in Jenkins County, Georgia. *Id.* at 1. It further reveals that he was convicted in Houston County, Georgia. *Id.* This Court is, therefore, not the proper forum for his petition.[1]

---

[1] Carter failed to pay the required filing fee and the Clerk notified him of the deficiency. *See* doc. 4. Payment of the filing fee is not a jurisdictional requirement. *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020). Since, as discussed below, it is clear that this Court is not the proper venue for Carter's claims, the transferee court is the proper place to resolve any issue with the filing fee.

1

Federal law allows § 2254 petitions to be filed in the district within which the petitioner was convicted or in the district within which he is confined.[2]  28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008).  Thus, this Court has jurisdiction over the petition.  Nevertheless, it is a longstanding judicial policy and practice to funnel such petitions into the district within which the state prisoner was convicted, since that will be the most convenient forum.  *Eagle v. Linahan*, 279 F.3d 926, 933 n. 9 (11th Cir. 2001); *see also Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Wright*, 263 F. App'x at 795.  That practice also fosters an equitable distribution of habeas cases between the districts.  Houston County lies in the Middle District of Georgia.  *See* 28 U.S.C. § 90(b)(2).  Accordingly, this case is **TRANSFERRED** to the United States District Court for the Middle District of Georgia for all further proceedings.  *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties

---

[2] Jenkins County lies in this Court's Statesboro Division.  *See* 28 U.S.C. § 90(c)(6).  Since this Order transfers the case to the Middle District of Georgia, whether it was filed in the proper division within the Southern District is moot.

and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

**SO ORDERED,** this 13th day of October, 2023.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia